**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MELISSA H.,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant*. | No. 24-cv-9605 (MEF)<br><br>**OPINION and ORDER** |

* * *

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the facts and procedural history of this case.

* * *

A woman applied for disability benefits. Melissa H. (S.S.A. A.L.J. Nov. 2, 2021), Administrative Record at 23.

Her application was denied, and her motion for reconsideration was denied, too. See id. So she asked for a hearing before an administrative law judge ("ALJ"). See id.

A hearing was held over the phone, see Administrative Record at 43-78, and the ALJ issued a decision affirming the benefits denial. See Melissa H., Administrative Record at 35.

The Appeals Council affirmed the ALJ. See Administrative Record at 9.

So the woman filed a lawsuit in federal court. The Commissioner's decision was reversed and remanded for further proceedings. See Houle v. Kijakazi, 2023 WL 3165119, at *1 (E.D.N.C. Apr. 28, 2023).

The Appeals Council directed the ALJ to take up several specific issues on remand. See Administrative Record at 1391-93.

Another hearing took place, see id. at 1301-48, and the ALJ issued a second decision concluding, again, that the woman was not entitled to disability benefits. See Melissa H. (S.S.A. A.L.J. July 29, 2024), Administrative Record at 1290.[1]

She then filed this lawsuit. See Complaint (ECF 1).

From here, the applicant is called "the Plaintiff," and the Commissioner of Social Security is called "the Defendant."

* * *

The Plaintiff argues that the ALJ did not comply with the Appeals Council's remand order. See Plaintiff's Brief Pursuant to F.R.C.P. Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(G), Rule 6 ("Plaintiff's Brief") (ECF 13) at 9-24.

But to an extent, he did.

For example, per the Appeals Council the prior decision did not "adequately address the [Plaintiff's] symptoms secondary to psoriatic arthritis in the bilateral hands, including swelling and tenderness in the small joints of the hands." Administrative Record at 1391. And so the ALJ was directed to take a closer look at these symptoms on remand. See id. at 1392.[2]

That is what he did. The ALJ recognized that the Plaintiff "describe[d] significant pain and limitations, particularly due to her psoriatic arthritis." Melissa H., Administrative Record at 1285. But, after reviewing the medical evidence, he concluded the Plaintiff's "symptoms can be well managed and alleviated with medication." Id. Among other things, he looked to medical records from a physician named Louis Haenel describing the Plaintiff's motor strength as normal. See id. (citing Administrative Record, 1166-85); Administrative Record at 1174. As well as records from a clinic named Low Country Rheumatology pointing in the same direction. See Melissa H., Administrative Record at 1285 (citing Administrative Record 620-

[1] The ALJ's 17-page decision can be found beginning at page 1274 of the administrative record.

[2] Appeals Council orders are binding on ALJs. See 20 C.F.R. § 404.977(b) ("The [ALJ] shall take any action that is ordered by the Appeals Council[.]").

72); Administrative Record at 629, 634, 639, 644, 648, 653, 661).

* * *

But the Appeals Council also directed the ALJ to take a closer look at the Plaintiff's fibromyalgia. See Administrative Record at 1392 ("[R]emand is warranted for further consideration of the claimant's reported fibromyalgia symptoms in accordance with Social Security Ruling 12-2p.").

Social Security Ruling 12-2p directs ALJs to consider fibromyalgia throughout the five-step sequential evaluation process.

But there is no indication that the ALJ considered the Plaintiff's fibromyalgia at step three. See Melissa H., Administrative Record at 1278-79; Plaintiff's Brief at 26-28.[3]

Courts routinely remand for further proceedings where ALJs do not comply with Appeals Council remand orders. See, e.g., Claudine J.N. v. Bisignano, 2025 WL 2555371, at *5 (E.D. Pa. Sept. 4, 2025); Pearson v. Berryhill, 2018 WL 2276247, at *9 (M.D. Pa. Feb. 22, 2018), report and recommendation adopted, 2018 WL 2258124 (M.D. Pa. May 17, 2018); David Allen S. v. Saul, 2021 WL 907103, at *5 (E.D. Wash. Mar. 9, 2021); Williams v. Comm'r of Soc. Sec. Admin., 2013 WL 4500335, at *12 (D.N.J. Aug. 21, 2013)); Warren-Ward v. Astrue, 2008 WL 2397390, at *3 (M.D. Ala. June 10, 2008); Hernandez v. Kijakazi, 2023 WL 5613416, at *3 (S.D. Tex. Aug. 2, 2023), report and recommendation adopted, 2023 WL 5616066 (S.D. Tex. Aug. 30, 2023); Acree v. Comm'r of Soc. Sec., 2021 WL 2853557, at *2 (M.D. Fla. May 7, 2021); Ellis v. Colvin, 29 F. Supp. 3d 288, 299 (W.D.N.Y. 2014); Clute ex rel. McGuire v. Comm'r of Soc. Sec., 2018 WL 6715361, at *6-7 (W.D.N.Y. Dec. 21, 2018); Walls v. Berryhill, 2019 WL 1306083, at *4 (D. Conn. Mar. 22, 2019); Doyle v. Astrue, 2009 WL 943721, at *2 (D. Colo. Apr. 6, 2009); Malave v. Comm'r of Soc. Sec., 2022 WL 12020236, at *4-5 (M.D. Fla. Oct. 4, 2022), report and recommendation adopted, 2022 WL 11778138 (M.D. Fla. Oct. 20,

---

[3] As relevant here, an ALJ is to evaluate whether an applicant's fibromyalgia "medically equals a listing . . . , or whether it medically equals a listing in combination with at least one other medically determinable impairment" at step three of the required five-step analysis. SSR 12-2p, 2012 WL 3104869, at *6 (July 5, 2012).

2022); Nguyen v. Comm'r of Soc. Sec., 2024 WL 4626236, at *20 (N.D. Ohio Oct. 30, 2024), report and recommendation adopted, 2024 WL 4986147 (N.D. Ohio Dec. 5, 2024).

This Court will do the same.

* * *

The decision of the Commissioner is vacated, and this case is remanded for further proceedings consistent with this opinion.[4]

IT IS on this 3rd day of September, 2026, **SO ORDERED.**

Michael E. Farbiarz, U.S.D.J.

[4] The Plaintiff advances several other arguments as to why remand is necessary. In light of the conclusion that remand is required because the ALJ did not comply with the Appeals Council's remand order, the Court will not consider them.